## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

HUSKY VENTURES, INC.,                    )
                                         )
      Plaintiff,                         )
                                         )
-vs-                                     )    Case No. CIV-15-0093-F
                                         )
B55 INVESTMENTS LTD., and                )
CHRISTOPHER McARTHUR, an                 )
individual,                              )
                                         )
      Defendant.                         )

## ORDER

The court has reviewed the motion for temporary restraining order filed by B55 Investments Ltd. Doc. no. 17. Although the relief requested by way of temporary restraining order is worded in terms of restraint, that relief, if granted, would amount to a court-ordered change of operator quite possibly requiring court involvement beyond simple restraint. A request for interim relief of that nature raises separate issues not addressed by B55's motion. Moreover, injunctive relief should not remain in place for an indefinite period *pendente lite* unless the prerequisites for entry of a preliminary injunction (including posting a bond) have been satisfied. For these reasons, the court declines to grant the requested temporary restraining order and that motion is **DENIED**. Doc. no. 17.

Defendant B55's Motion to Amend Answer and Counterclaims, doc. no. 16, requests an amendment which, if permitted, would include a request for preliminary injunctive relief in favor of B55 and against Husky Ventures, Inc. Although the court recognizes that no response brief has been filed or is yet due regarding the motion for leave to amend, the court is aware of no reasons which would justify denying leave

to amend in the circumstances of this case. Having reviewed the matter, the court concludes that the requested relief is appropriate under the liberal standards which govern amendments to the pleadings. In addition, although the court has denied B55's request for a temporary restraining order, the court recognizes that some type of preliminary injunctive relief may well be necessary and that expedited consideration of preliminary injunctive relief is appropriate. To that end, once the proposed Amended Answer and Counterclaims are filed, B55's request for preliminary injunctive relief will be of record in this case.

For all of these reasons, B55's motion for leave to amend is **GRANTED**. Doc. no. 16. B55 is **DIRECTED** to file its Amended Answer and Counterclaims within two business days of the date of this order.

Despite the anticipated filing of the Amended Answer and Counterclaim, and despite various exigencies argued for by the parties, the court will not consider preliminary injunctive relief absent a separate application seeking that particular type of relief. The court also recognizes that expedited treatment of any such application is appropriate. Accordingly, B55 is hereby **ADVISED** as follows. If, no later than June 30, 2015, B55 files an application for preliminary injunctive relief which meets the requirements of Rule 65, Fed. R. Civ. P., along with a supporting brief and any other supporting documentation which may be necessary, the court will set the application for hearing on Monday, July 6, 2015, at 9:00 a.m.

The court desires to proceed with all interested parties of record. To that end, the court has reviewed Gastar Exploration, Inc.'s motion to intervene, filed June 25, 2015. Doc. no. 18. Again, the court recognizes that the briefing cycle has not concluded with respect to this motion. Nevertheless, given the exigencies argued for by the parties, and given Gastar's obvious right to intervene, the court has concluded

that this motion should be granted at this time. Gastar Exploration, Inc. is **GRANTED** leave to intervene in this action as a matter of right under Rule 24(a), Fed. R. Civ. P. Alternatively, the court finds that Gastar Exploration, Inc. is entitled to permissive intervention under Rule 24(b), Fed. R. Civ. P. The motion at doc. no. 18 is **GRANTED**.

Gastar Exploration, Inc.'s motion for expedited consideration of its motion to intervene is **STRICKEN** as moot. Doc. no. 19.

Dated this 26th day of June, 2015.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0093p004.wpd