# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HUSKY VENTURES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-15-0093-F** |
| | ) | |
| **B55 INVESTMENTS LTD. and** | ) | |
| **CHRISTOPHER McARTHUR, an** | ) | |
| **individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JURY INSTRUCTIONS

### STEPHEN P. FRIOT
### UNITED STATES DISTRICT JUDGE

# JURY INSTRUCTIONS INDEX

## Husky Ventures, Inc. v. B55 Investments Ltd., et al. – CIV-15-093

**Jury Inst. No.**

1. Opening
2. Statement of the Case
3. All Persons Equal Before The Law
4. Acts of Business Entities
5. Evidence
6. Direct and Circumstantial Evidence
7. Credibility of Witnesses
8. Deposition Testimony
9. Impeachment
10. No Speculation
11. Burden of Proof - Greater Weight of the Evidence
12. Each Claim and Counterclaim to be Considered Separately
13. Husky's Claim of Tortious Interference with Contracts or Business Relationships, Alleged Against Defendants - Elements
14. Tortious Interference with Contracts or Business Relationships - Damages
15. B55's Counterclaims for Fraud or Negligent Misrepresentation
16. Burden of Proof - Clear and Convincing Evidence
17. B55's Counterclaim Against Husky for Fraud - Elements
18. Material Fact - Defined
19. False Representation
20. B55's Counterclaim Against Husky for Negligent Misrepresentation - Elements
21. No Double Recovery
22. Exemplary or Punitive Damages - First Stage
23. Any Damages Award Must be Reasonable and Not Based on Sympathy or Guess-Work
24. Effect of Instructions As To Damages
25. B55's Counterclaim Against Husky for Breach of Contract Based on Husky's Alleged Denial of Access to Information and Documents
26. Verdict Form - Directions
27. Closing

**Verdict Form**

## INSTRUCTION NO. 1
## <u>OPENING</u>

Members of the jury, you have heard the evidence and will hear the final arguments presented for the plaintiff and for the defendants.  I will now instruct you on the law you will apply in this case.

You, as jurors in this case, are the sole judges of the facts.  You must decide the true facts from the evidence you have heard.  In considering the evidence in this case, you will use the court's instructions and your own sound judgment.  You are to determine the facts in this case, and you must then apply the law contained in these instructions to those facts to reach your verdicts.

First, I will instruct you on some general rules for your consideration of the evidence in this case.  Then I will instruct you on the law regarding the plaintiff's claims and the defendant's counterclaims.  After that I will instruct you regarding damages.  Lastly, I will give you some instructions about how to proceed with your deliberations and I will go over the verdict form with you.

## INSTRUCTION NO. 2
## STATEMENT OF THE CASE

The gist of the claims which the parties allege against each other is as follows.

The parties to this case are: Husky Ventures, Inc., the plaintiff; and B55 Investments Ltd. and Christopher McArthur, the defendants.

Plaintiff Husky alleges claims against defendants B55 and Christopher McArthur.   B55 alleges counterclaims against Husky.   Each party to this action seeks money damages from the other.  I will begin by summarizing plaintiff Husky's claims.  After that I will summarize defendant B55's counterclaims.

Husky alleges the following claims against B55 and Christopher McArthur.

1.     Husky alleges tortious interference with Husky's contracts or business relationships.  Husky alleges these tortious interference claims against each of the two defendants in this action, B55 and Christopher McArthur.  Husky claims B55 and Christopher McArthur each tortiously interfered with oil and gas contracts and business relationships which Husky had with third parties, and that Husky has sustained damages as a result of defendants' interfering conduct.  Husky claims defendants contacted LaMunyon Drilling in 2015 and caused LaMunyon to file vendor liens against oil and gas wells owned and operated by Husky, for the wrongful purposes of providing another company, Gastar Exploration, with a claimed basis to remove Husky as operator of wells under a contract between Gastar and Husky.  Husky claims that as a result of defendants' conduct, Husky's contracts with Gastar were later terminated.  Husky claims defendants' conduct was malicious and was motived by defendants' desire to obtain over nine million dollars from Gastar as compensation for causing the liens to be filed by LaMunyon.

Husky claims defendants contacted other oil and gas companies with whom Husky had contractual relationships, and provided false or misleading information to those companies for the sole purpose of interfering with Husky's contracts or business relationships. Husky claims defendants caused Torchlight Energy, a party to several contracts with Husky, to breach a November 4, 2015 Purchase and Sale Agreement between Torchlight and Husky, by filing a lawsuit against Husky in Texas. Husky claims that defendants' conduct was wrongful and malicious, and was motivated by defendants' desire to receive money and stock from Torchlight and a portion of any money which Torchlight might receive from suing Husky in Texas. Husky seeks to recover damages from each of the defendants on its claims of tortious interference with its contracts or business relationships.

Defendants deny Husky's claims of tortious interference with contracts or business relations and contend that Husky is entitled to recover no damages on its tortious interference claims.

B55 alleges the following counterclaims against Husky.

1.  B55 claims that Husky made fraudulent or negligent misrepresentations by failing to disclose that a block of acreage known as the "Chesapeake Block" was not included when B55 bought its interest from Husky.

   Husky denies these counterclaims and contends that B55 is entitled to recover no damages on its counterclaims regarding the Chesapeake Block. Husky contends the Chesapeake Block was not included.

-5-

2.     B55 claims that Husky made fraudulent or negligent misrepresentations regarding the productive capability of two wells, thereby inducing B55 to purchase its interest in the Viking project based on those fraudulent or negligent misrepresentations.

Husky denies these counterclaims and contends that B55 is entitled to recover no damages on these counterclaims.  Husky contends that B55 is aware of the risks associated with investing in oil and gas wells and prospects, that the contracts between the parties address this issue, and that any representations which were intended to be a part of the contracts were included in the written contracts between the parties.

3.     B55 alleges that Husky has denied B55 access to information, records and accounting documents to which B55 is entitled under its contracts with Husky.   B55 claims that Husky's denial of access to this information and documents constitutes a breach of contract by Husky. You will be asked to make a finding as to whether Husky breached a contractual obligation in the manner alleged in this counterclaim.

Husky denies this counterclaim, denying that it has breached a contractual duty.  Husky contends that under the contracts in question, B55 is only entitled to documents for wells in which B55 has chosen to participate.

These are the issues you are to determine.

Next I will give you some general instructions regarding principles which apply to your consideration of the evidence.  After that I will give you instructions about the law that applies to each of the types of claims and counterclaims alleged

in this action.  Finally, I will instruct you about the verdict form and give you some closing instructions.

**INSTRUCTION NO. 3**

**ALL PERSONS EQUAL BEFORE THE LAW**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.  The fact that the plaintiff is a business entity, the fact that one of the defendants is a business entity, and the fact that the other defendant is an individual, are not facts which should influence your thinking, either for or against any party.

**INSTRUCTION NO. 4**

**ACTS OF BUSINESS ENTITIES**

Husky Ventures, Inc. and B55 Investments Ltd., are corporations.  Business entities such as corporations can act only through their officers and employees. Any act or omission of any officer or employee while acting within the scope of his employment with a corporation is the act or omission of the corporation.

## INSTRUCTION NO. 5
### <u>EVIDENCE</u>

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and any facts which have been agreed upon or stipulated to.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In considering the evidence and in determining the issues in this case, you should bring to your aid the knowledge which you possess in common with the generality of mankind concerning the matters disclosed by the evidence.

Statements and arguments of counsel are not evidence in the case.  When the attorneys for all parties stipulate or agree as to the existence of a fact, the jury must accept the stipulation as evidence and regard that fact as conclusively proved.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  As stated before, you are the sole judges of the facts and that includes the credibility of all witnesses and the weight and effect of all evidence.

When the court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer any question.

**INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eye witness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

**INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility or believability of each witness and the weight to be given to the witness's testimony.  In weighing the testimony of a witness, you should consider the witness's relationship to plaintiff or defendants; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**INSTRUCTION NO. 8**

**DEPOSITION TESTIMONY**

During the course of the trial certain testimony has been introduced by way of a deposition which has been read to you or by way of a video deposition.  You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a deposition or a video deposition.  It is entitled to the same consideration, and the same judgment on your part with reference to its weight, as is the testimony of witnesses who have taken the stand.

## INSTRUCTION NO. 9
### IMPEACHMENT

You are instructed that a witness may be discredited or impeached by contradictory evidence or by evidence that at other times the witness has made statements that are inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness only such credibility, if any, as you may think it deserves.

If any witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust such witness's testimony in other particulars, and you may reject all of the testimony of that witness, or give it only such credibility as you may think that it deserves.

**INSTRUCTION NO. 10**

**<u>NO SPECULATION</u>**

Although you are allowed to draw inferences based on circumstantial evidence, an inference is not a suspicion or a guess.  An inference is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist.  While you may draw such inferences, your decision must be based upon probabilities, not possibilities.  It may not be based upon pure speculation or guesswork.

## INSTRUCTION NO. 11

## <u>BURDEN OF PROOF</u>  --

## <u>GREATER WEIGHT OF THE EVIDENCE</u>

Unless I advise you otherwise in these instructions, the party who alleges a claim or counterclaim has the burden to prove each essential element of its claim or counterclaim by the greater weight of the evidence, a measure also sometimes known as a preponderance of the evidence.

When I instruct you that a proposition must be proven by the greater weight of the evidence, also sometimes referred to as a preponderance of the evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which a party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

In determining whether any fact in issue has been proven by the greater weight of the evidence, you may consider the testimony of all witnesses regardless of who may have called them, and all the exhibits received in evidence regardless of who may have produced them.  In other words, in deciding whether a party has met their burden of proof, you are to take into account all of the evidence, whether offered by that party or any other party.

# INSTRUCTION NO. 12

## EACH CLAIM AND COUNTERCLAIM TO BE CONSIDERED SEPARATELY

Husky's claims against each of the defendants, B55 and Christopher McArthur, as well as each of B55's counterclaims against Husky, should be considered separately.

The evidence applicable to each of the claims and counterclaims presented for your determination should be considered separately.

For example, your verdict on Husky's tortious interference claim which is alleged against one defendant, should be considered separately from your verdict on plaintiff's claim of tortious interference which is alleged against the other defendant.  In addition, your verdict on the claims which are alleged by Husky against the defendants should be considered separately from your verdict on the counterclaims which are alleged by B55 against Husky.  Furthermore, B55's counterclaims alleging fraud by Husky, and also alleging negligent misrepresentation by Husky, should be considered separately from one another.

In other words, all of the claims and counterclaims alleged in this action should be considered separately, and the fact that you may find in favor of a party on one claim or one counterclaim should not control your verdict with reference to the other claims or counterclaims.  Of course, some evidence may pertain to more than one claim or counterclaim.

INSTRUCTION NO. 13

## HUSKY'S CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACTS OR BUSINESS RELATIONSHIPS, ALLEGED AGAINST  DEFENDANTS — ELEMENTS

Husky alleges that each of the defendants tortiously interfered in Husky's contracts or business relationships.  This type of claim is sometimes referred to in these instructions as a tortious interference claim.

Husky brings a tortious interference claim against defendant B55 Investments Ltd., and Husky also brings a tortious interference claim against defendant Christopher McArthur.  In order to prove that the defendant in question tortiously interfered with Husky's contracts or business relationships with Gastar Exploration, Inc., Torchlight Energy Resources, Inc., or LaMunyon Drilling, LLC, Husky must prove, by the greater weight of the evidence, each of the following essential elements of its claim against the defendant in question:

1.    That the interference by the defendant in question was with a contractual or business right of Husky;

2.    That such interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable; and

3.    That damage was sustained by Husky as a result of such interference.

For purposes of the first element, you are instructed that Husky must prove the existence of a contract or a business relationship between itself and Gastar Exploration, Inc., or Torchlight Energy Resources, Inc., or LaMunyon Drilling, LLC. The first element also requires proof that the defendant interfered with the contract or with the business relationship in question.

For purposes of the second element, you are instructed that the term "malicious," meaning with malice, is defined as the intentional performance of a

-18-

wrongful act without justification or excuse.  The term "malice" may include the popular sense of personal hatred, ill will, or spite, but the term does not require personal hatred, ill will, or spite to be proved.  Rather, "malice" is the intentional doing of a wrongful act without justification or privilege, even if express malice is lacking.  A defendant's actions were intentional for purposes of the second element if the defendant desired to interfere with one or more of Husky's contracts or business relationships, or if the defendant was substantially certain that its actions would interfere with one or more of Husky's contracts or business relationships.

In determining whether a particular defendant's conduct which allegedly interfered with Husky's contracts or business relationships was wrongful as required by the second element, you may consider the following factors:

1.     The nature of the defendant's conduct;

2.     The defendant's motives;

3.     The interests of Husky;

4.     The interests sought to be advanced by the defendant;

5.     The social interests in protecting the freedom of the defendant and the contractual interests of Husky;

6.     The proximity or remoteness of the defendant's conduct to the interference; and

7.     The relations between the defendant and Husky.

## INSTRUCTION NO. 14

## <u>TORTIOUS INTERFERENCE WITH CONTRACTS OR BUSINESS RELATIONSHIPS — DAMAGES</u>

If you find that each essential element of Husky's tortious interference claim against either of the defendants has been proven by the greater weight of the evidence, then you may award damages in favor of Husky, and against the defendant as to whom the claim has been proven, in such amount as you find proven by the greater weight of the evidence represents the injury, if any, which was caused to Husky as a result of the defendant's tortious interference in Husky's contracts or business relationships.  This is the amount of money that will reasonably and fairly compensate Husky for the losses, if any, which Husky sustained as a result of the interference with Husky's contractual or business relationships with Gastar Exploration, Inc., Torchlight Energy Resources, Inc., or LaMunyon Drilling, LLC. These types of damages are sometimes referred to in these instructions as actual damages.

## INSTRUCTION NO. 15

### B55'S COUNTERCLAIMS FOR FRAUD OR NEGLIGENT MISREPRESENTATION

The next set of instructions relates to B55's counterclaims against Husky for fraudulent or negligent misrepresentations.

B55 points to the following alleged statements by Husky as constituting fraudulent misrepresentations, and also as constituting negligent misrepresentations. B55 alleges that Husky committed fraudulent or negligent misrepresentation by failing to disclose that a block of acreage known as the "Chesapeake Block" was not included when B55 bought its interest from Husky. B55 also alleges that Husky committed fraudulent or negligent misrepresentation by stating facts regarding the productivity of two wells in the Viking Project, which B55 alleges induced B55 to purchase its interest in the Viking project.

Thus, B55 alleges two counterclaims – fraud, as well as negligent misrepresentation – based on the same alleged misconduct by Husky. Thus, the evidence regarding these two counterclaims obviously overlaps to some degree. However, these two types of counterclaims have different essential elements which must be proven. And, as I will instruct you in more detail in the next instruction, these two types of counterclaims are required to be proven by different standards of proof. A higher and more rigorous standard of proof applies to proof of fraud than is required to prove a negligent misrepresentation.

**INSTRUCTION NO. 16**

**BURDEN OF PROOF — CLEAR AND CONVINCING EVIDENCE**

To recover on its fraud counterclaim, B55 is required to prove the essential elements of its fraud claim by clear and convincing evidence.

Whenever I say in these instructions that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

## INSTRUCTION NO. 17

## B55'S COUNTERCLAIM AGAINST HUSKY FOR FRAUD — ELEMENTS

In its fraud counterclaim, B55 alleges that Husky fraudulently misrepresented matters concerning the Chesapeake Block, and the productivity of two wells in the Viking Project.

In order for B55 to recover from Husky on its fraud counterclaim, B55 must prove, by clear and convincing evidence, each of the following essential elements:

1.      That Husky made a material representation;

2.      That it was false;

3.      That Husky made it when it knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth;

4.      That Husky made it with the intention that it should be acted upon by B55;

5.      That B55 acted in reliance upon it; and

6.      That B55 thereby suffered injury.

If you find that each essential element of B55's fraud counterclaim against Husky has been proven by clear and convincing evidence, then you may award actual damages in favor of B55, and against Husky, in such an amount as you find proven by clear and convincing evidence represents the injury, if any, caused to B55 as a result of Husky's fraud.

**INSTRUCTION NO. 18**

**MATERIAL FACT – DEFINED**

With regard to the first element of B55's fraud counterclaim, you are instructed that a fact is material if a reasonably careful person would, under the circumstances, attach importance to it in determining a course of action.

**INSTRUCTION NO. 19**

**<u>FALSE REPRESENTATION</u>**

With respect to the elements of B55's fraud counterclaim which require a false representation, you are instructed as follows.

To constitute actionable fraud, false representations must generally relate to a present or pre-existing fact, and cannot ordinarily be predicated on representations or statements which involve matters that may or may not occur in the future. However, if a promise about the future is made with an intention not to perform it, and if it is made for the purpose of deceiving the person to whom it was made and inducing him to act, then such actions constitute fraud.

A false representation of a past or present fact is any words or conduct which create an untrue or misleading impression of the actual past or present fact in the mind of another.

Words that are literally true, or words or conduct that are reasonably capable of creating both a true and a false impression, do not constitute a false representation of a past or present fact.  However, if a false impression of a past or present fact was created by such words or conduct and the person making the representation knew the false impression had been created or he intended to create it, then such words or conduct do constitute a false representation of a past or present fact.

The failure of a person to carry out a stated intention does not constitute a false representation of a past or present fact unless, at the time he stated his intention, he did not then intend to carry out the stated intention and stated his intention with the intent to deceive the promisee into acting where the promisee otherwise would not have done so.

A statement made and reasonably understood as only an opinion does not constitute a false representation of a past or present fact.  This is particularly true

of broad, general statements made by a seller about the value or quality of what he is selling.

However, a statement which might be considered an opinion constitutes a false representation of a past or present fact if the statement is intended and reasonably understood as being a statement of a past or present fact and if such statement is false.

## INSTRUCTION NO. 20

### B55'S COUNTERCLAIM AGAINST HUSKY FOR NEGLIGENT MISREPRESENTATION – ELEMENTS

B55 also counterclaims against Husky, alleging that Husky negligently misrepresented matters regarding the Chesapeake Block and the productivity of two wells in the Viking Project.

In order for B55 to prove its negligent misrepresentation counterclaim, B55 must prove, by the greater weight of the evidence, each of the following essential elements:

1.      That Husky made a misrepresentation of fact to B55;

2.      That the misrepresentation was material;

3.      That in making the material misrepresentation, Husky failed to exercise reasonable care required of a company in Husky's position;

4.      That B55 reasonably relied on Husky's misrepresentation;  and

5.      That B55 sustained damage as a result of its reasonable reliance.

If you find that each essential element of B55's counterclaim for negligent misrepresentation has been proven by the greater weight of the evidence, then you may award actual damages in favor of B55, and against Husky, in such an amount as you find proven by the greater weight of the evidence represents the injury, if any, which was caused to B55 as a result of Husky's negligent misrepresentation.

## INSTRUCTION NO. 21
## <u>NO DOUBLE RECOVERY</u>

If you find in favor of Husky on its tortious interference claim alleged against either or both of B55 or Christopher McArthur, and in the further event that you find Husky is entitled to an award of actual damages for tortious interference, then the verdict form will require you to make an actual damages award to Husky on its tortious interference claims.  The court has determined that on this claim there would be no difference in the amount of the damages recoverable by Husky, if any, as between these two defendants. Therefore, if you find that damages are recoverable by Husky on this claim, you will find one single amount for actual damages sustained by Husky as a result of tortious interference in its contracts or business relationships.  Directions in the verdict form will guide you as to how to express your award of actual damages to Husky, if such an award is applicable based on your conclusions and findings under these instructions.

In the event that you find for B55 on its fraud or negligent misrepresentations counterclaim or counterclaims, and in the further event that you find B55 is entitled to an award of actual damages from Husky on that counterclaim or counterclaims, you will make one award of actual damages, if any, to B55 on either or both of these counterclaims.  This will avoid any double or multiple recovery by B55 due to the fact that it has alleged two theories of liability based on the same alleged misconduct by Husky.  Directions in the verdict form will guide you as to how to express your award of actual damages to B55, if such an award is applicable based on your conclusions and findings under these instructions.

**INSTRUCTION NO. 22**

**EXEMPLARY OR PUNITIVE DAMAGES – FIRST STAGE**

If you have found in favor of a party on one or more of its claims or counterclaims and have awarded that party actual damages, then punitive damages may also be potentially available in this case.

If you find in favor of Husky and grant it actual damages on its tortious interference with contracts or business relationships claim alleged against either B55 or Christopher McArthur, then you must also find, by separate verdict, whether the defendant in question acted in reckless disregard of the rights of others, or acted intentionally and with malice towards others.

Similarly, if you find in favor of B55 and grant it actual damages on its fraud or on its negligent misrepresentation counterclaim, then you must also find, by separate verdict, whether Husky, as the party against whom actual damages have been awarded on such counterclaim, acted in reckless disregard of the rights of others, or acted intentionally and with malice towards others.

The above findings by you will determine what, if any, punitive damages may or may not be recoverable at a later stage of these proceedings.  By this, I mean that if you find, on the verdict form (Part One, Section D;  Part One, Section E;  or Part Two, Section D) which will be given to you with these instructions, that the basis for a possible award of punitive damages has been proven under the standards set forth in this instruction, then there will be brief additional proceedings in open court, after which you will retire once again to the jury room to deliberate and determine whether, and in what amount, to award punitive damages.

A party seeking punitive damages has the burden of proving this entitlement by clear and convincing evidence. As I instructed you earlier, by "clear and convincing evidence" I mean that you must be persuaded, considering all of the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

-29-

I will now define "reckless disregard" and "malice" for purposes of my instructions to you regarding punitive damages.

The conduct of a party was in reckless disregard of another's rights if the party was either aware, or did not care, that there was a substantial and unnecessary risk that his or its conduct would cause serious injury to others.  In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

The term "malice" as used in my instructions to you on punitive damages, involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find, by clear and convincing evidence, that a party acted in reckless disregard of the rights of others or intentionally and with malice towards others, you may award punitive damages against that party in a later part of this trial.  If you find that a party did not act in reckless disregard of the rights of others or intentionally and with malice towards others, you may not award punitive damages against that party.

**INSTRUCTION NO. 23**

**ANY DAMAGES AWARD MUST BE REASONABLE AND NOT BASED ON SYMPATHY OR GUESS-WORK**

You must use sound judgment in fixing any award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation or guess-work.

**INSTRUCTION NO. 24**

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

The fact that I have instructed you as to the proper measure of various types of damages should not be considered as an indication of any view of mine as to what the verdict should be in this case.  Instructions as to the measure of damages are given only for your guidance in accordance with all of these instructions.

## INSTRUCTION NO. 25

## B55'S COUNTERCLAIM AGAINST HUSKY FOR BREACH OF CONTRACT BASED ON HUSKY'S ALLEGED DENIAL OF ACCESS TO INFORMATION AND DOCUMENTS

I will now instruct you on B55's final counterclaim against Husky, which alleges that Husky breached its contractual duties to B55 when Husky failed to provide access to information, records and documents to which B55 contends it is entitled under the parties' contracts.  You will make a finding in the verdict form as to whether Husky breached a contractual obligation it owed to B55, in the manner alleged by B55.

In order to prove that Husky breached a contract with B55, B55 must prove, by the greater weight of the evidence, each of the following essential elements:

1.     That Husky had a contractual obligation to provide B55 with access to the information, records or documents in question;  and

2.     That Husky breached this contractual obligation by failing to provide B55 with access to the information, records or documents.

With respect to the second element, you are instructed that a contract is breached or broken when a party does not do what it promised to do in the contract.

**INSTRUCTION NO. 26**

**VERDICT FORM - DIRECTIONS**

The verdict form consists of several numbered parts.  There are also lettered sections within some of the parts.

Directions are included in the verdict form, in italics, to help guide you as you memorialize your verdicts.  Depending upon what findings and conclusions you reach under these instructions, you may not be required to complete all of the sections of the verdict form.  The directions which are included in the verdict form advise you when certain sections should be left blank.

In the event that you make findings which result in an award of damages to both Husky and to B55, do not attempt to set-off or subtract one award from the other.  Simply complete the verdict form in the manner directed on the form.

I suggest you review the verdict form at the outset of your deliberations to get a general idea about the findings which the verdict form requires you to memorialize there.

## INSTRUCTION NO. 27
## <u>CLOSING</u>

I have made certain rulings in the conduct of the trial, and particularly with reference to the admission of evidence.  In so doing, I have neither expressed nor intimated in any way the weight or credit to be given any evidence or testimony admitted during the trial, nor indicated in any way the conclusions to be reached by you.

In this court it is entirely proper for the judge, if he desires, to comment on the evidence and express an opinion on it to the jury.  I have not done that in this case.  I feel that this jury is fully capable of deciding the true facts in this case and applying to those true facts these applicable rules of law.  If there is anything that I have said or done that might seem to indicate to you how I would decide this case, I instruct you to disregard it and to use your own judgment in arriving at your verdict.

During the trial, you undoubtedly noted some instances in which I quickly reviewed the preliminary transcript as it appeared on the computer screen.  That was only a preliminary transcript.  Any transcript which could be made available to other persons for any other purpose would have to be a certified transcript.   The preparation of a certified transcript involves a number of steps, and it is highly unlikely that a certified transcript of the testimony of any witness could be completed without substantial delay.  Moreover, if a transcript of the testimony of any particular witness were provided, it might be necessary, in fairness, to provide additional transcripts of the testimony of other witnesses.   That would take additional time, resulting in further delay.   For that reason, it is simply not practicable to prepare a transcript of testimony for use in your deliberations.  It will be necessary for you to make your decision based on what you remember about the evidence.  You must do your very best to recall the testimony as it was presented at trial.  You should also listen very carefully to your fellow jurors' recollections as to the testimony which was given during the trial.

From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons, you will reach your conclusions.  You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious and faithful manner under your oaths and render your verdict as the evidence warrants when measured by these instructions.  These instructions contain all the law, whether statutory or otherwise, which may be applied by you in this case and the rules by which you should weigh the evidence and determine the facts in issue.  You must consider the instructions as a whole, and not a part to the exclusion of the rest.  You will not use any method of chance in arriving at the verdict, but base it on the judgment of each juror concurring in it.

After the closing arguments have been completed, the bailiff will lead you to the jury deliberation room to begin your deliberations.  If any of you have cell phones or similar devices with you, you are instructed to turn them off and give them to the bailiff as you enter the jury deliberation room.  They will be held by the bailiff for you and returned to you after your deliberations are completed and during any break or similar period when you are not deliberating.  The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to eliminate even the possibility of any question of outside contact with the jury during your deliberations.

After you have retired to consider your verdict, select one of your number as the foreperson and enter upon your deliberations.  If you need to contact the court for any purpose, it is requested that you do so by a written message signed by the foreperson and transmitted to the court through the bailiff.  The exhibits will be available for your examination.

When you have agreed on a verdict, the foreperson will sign it, and you will, as a body, return it into open court.  A verdict form will be furnished for your use.

-36-

If you fail to reach a verdict, the parties may be put to the expense of another trial, and may once again have to endure the mental and emotional strain of a trial. If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a jury more competent to decide this case than those of you who compose the present jury.  There is no reason to believe that there will be more or clearer evidence produced at a future trial.

The verdict of the jury in this case must be unanimous, which means that each juror must agree and concur in it.  In this connection, you are advised that jurors have a duty to consult with one another, and to deliberate, with a view to reaching an agreement -- if it can be done without violence to individual judgment.  Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with fellow jurors; in the course of deliberations, a juror should not hesitate to re-examine his or her own views and change an opinion if convinced it is erroneous, but no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of fellow jurors or for the mere purpose of returning a verdict.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

**DATE:  November 18, 2016**

15-0093p051.JI REV 01.wpd

-37-