IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUSKY VENTURES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-0093-F |
| ) | |
| B55 INVESTMENTS LTD., and , ) | |
| CHRISTOPHER MCARTHUR, an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

## JURY INSTRUCTIONS

## SECOND STAGE

**INSTRUCTION NO. 1**

**EXEMPLARY OR PUNITIVE DAMAGES – SECOND STAGE**

Ladies and gentlemen of the jury, you have found in favor of Husky, and have granted Husky actual damages, and you have also found by a separate verdict that the parties against whom punitive damages are sought, B55 and Christopher McArthur, acted with reckless disregard of the rights of others and acted intentionally and with malice towards others.

You may now, in addition to actual damages, grant Husky punitive damages in such sum as you reasonably believe will punish the party who committed the misconduct against Husky and be an example to others.

Punitive damages are not to be considered as compensation, but as punishment and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a party. In determining the amount of punitive damages, you may consider the following factors:

1. The seriousness of the hazard to the public arising from the party's misconduct;
2. The profitability of the misconduct to the party who committed the misconduct;
3. How long the misconduct lasted and whether it is likely to continue;
4. Whether there were attempts to conceal the misconduct;
5. How aware the party who committed this misconduct was of the conduct and its consequences and how aware that party was of the hazard and of its excessiveness;
6. The attitude and conduct of the party who committed the misconduct, upon finding out about the misconduct or hazard;
7. The financial condition of the party who committed the misconduct, and;

    8.    The number and level of employees involved in causing or concealing the misconduct.

In no event should punitive damages awarded in favor of Husky and against B55 exceed the greater of:

> Twice the amount of actual damages you have previously awarded to Husky on its tortious interference claim against B55; or the increased financial benefit derived by B55 as a direct result of the conduct causing the injury to Husky; whichever is larger.

(For the amount of actual damages you previously awarded to Husky on its tortious interference claim against B55, see your earlier verdict form, Part One, Section C.)

In no event should punitive damages awarded in favor of Husky and against Christopher McArthur exceed the greater of:

> Twice the amount of actual damages you have previously awarded to Husky on its tortious interference claim against Christopher McArthur; or the increased financial benefit derived by Christopher McArthur as a direct result of the conduct causing the injury to Husky; whichever is larger.

(For the amount of actual damages you previously awarded to Husky on its tortious interference claim against Christopher McArthur, see your earlier verdict form, Part One, Section C.)

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

**DATE:  November 22, 2016**