IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HUSKY VENTURES, INC., )
)
    Plaintiff, )
)
vs. ) Case No. CIV-15-0093-F
)
B55 INVESTMENTS LTD., and, )
CHRISTOPHER MCARTHUR, an )
individual, )
)
    Defendants. )

## VERDICT FORM

We, the jury, duly empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows.

### Part One
(Husky's tortious interference claims,
alleged against B55 and Christopher McArthur)

**Part One, Section A** (Husky's interference claim against B55)

On Husky's claim of tortious interference alleged against B55, we find in favor of:

    __✓__ Husky Ventures, Inc.

  *(or)*

    _____ B55 Investments Ltd.

**Part One, Section B** (Husky's interference claim against Christopher McArthur)

On Husky's claim of tortious interference alleged against Christopher McArthur, we find in favor of:

    __✓__ Husky Ventures, Inc.

  *(or)*

    _____ Christopher McArthur

Part One, Section C (Damages on the tortious interference claims)

*If, above, you have found in favor of Husky in Part One Section A, or in favor of Husky in Part One Section B, or if you have found in favor of Husky in both Sections A and B, then it is necessary for you to answer the questions in this section.*

(The court has determined that if you find in favor of Husky and against both B55 and Christopher McArthur on Husky's claim of tortious interference, there would be no difference in the amount of the damages recoverable by Husky as between those two defendants. Therefore, it is necessary for you to find only a single amount for the actual damages, if any, sustained by Husky as a result of tortious interference.)

Having found in favor of Husky and against B55 or Christopher McArthur (or both) on Husky's claim of tortious interference, we award actual damages *(if any)* to Husky on its interference claim in the amount of: $ 4,000,000 .

Part One, Section D (findings regarding B55's interference)

*If you have found in favor of Husky and against B55 (in Part One, Section A, above), and have found that Husky suffered actual damages (as set forth in Part One, Section C, above), then answer both of the following questions; otherwise leave this section blank.*

Having found in favor of Husky on its tortious interference claim alleged against B55, and having awarded actual damages to Husky and against B55 on that claim, we find as follows:

    We do __✓__ *(or)* We do not _____ *(Check one)* find by clear and convincing evidence that B55's actions were in reckless disregard of the rights of others.

    We do __✓__ *(or)* We do not _____ *(Check one)* find by clear and convincing evidence that B55's actions were taken intentionally and with malice towards others.

**Part One, Section E** (findings regarding Christopher McArthur's interference)

*If you have found in favor of Husky and against Christopher McArthur (in Part One, Section B, above), and have found that Husky suffered actual damages (as set forth in Part One, Section C, above), then answer both of the following questions; otherwise leave this section blank.*

Having found in favor of Husky on its tortious interference claim alleged against Christopher McArthur, and having awarded actual damages to Husky and against Christopher McArthur on that claim, we find as follows:

    We do __✓__ *(or)* We do not _____ *(Check one)* find by clear and convincing evidence that Christopher McArthur's actions were in reckless disregard of the rights of others.

    We do __✓__ *(or)* We do not _____ *(Check one)* find by clear and convincing evidence that Christopher McArthur's actions were taken intentionally and with malice towards others.

## Part Two
(B55's fraud and negligent misrepresentation counterclaims alleged against Husky)

**Part Two, Section A** (B55's fraud counterclaim against Husky)

With respect to B55's fraud counterclaim alleged against Husky, we find in favor of:

    _____ B55 Investments Ltd.

    *(or)*

    __✓__ Husky Ventures, Inc.

<u>Part Two, Section B</u> (B55's negligent misrepresentation counterclaim against Husky)

With respect to B55's counterclaim alleged against Husky for negligent misrepresentation, we find in favor of:

    \_\_\_\_\_ B55 Investments Ltd.

*(or)*

    __✓__ Husky Ventures, Inc.



<u>Part Two, Section C</u> (actual damages against Husky for fraud or negligent misrepresentation)

*If in Part Two, Sections A or B, above, you found in favor of B55 on either or both of its fraud or its negligent misrepresentation counterclaims, then complete this section regarding B55's actual damages awarded against Husky; otherwise, leave this section blank.*

Having found in favor of B55 on either (or both) of its fraud or its negligent misrepresentation counterclaims alleged against Husky, we award actual damages *(if any)* in favor of B55, and against Husky, in the amount of: $_____.

**Part Two, Section D** (findings regarding B55's fraud or negligent misrepresentation)

*If in Part Two, Section C, above, you awarded B55 actual damages for fraud or negligent misrepresentation committed by Husky, then answer both of the following questions; otherwise leave this section blank.*

Having found in favor of B55 on either or both of its fraud or its negligent misrepresentation counterclaims, and having awarded actual damages to B55 and against Husky on that or those counterclaims, we find as follows:

We do \_\_\_\_\_ *(or)* We do not \_\_\_\_\_ *(Check one)* find by clear and convincing evidence that Husky's actions constituting fraud or negligent misrepresentation were actions taken in reckless disregard of the rights of others.

We do \_\_\_\_\_ *(or)* We do not \_\_\_\_\_ *(Check one)* find by clear and convincing evidence that Husky's actions constituting fraud or negligent misrepresentation were actions taken intentionally and with malice towards others.

## Part Three
(B55's breach of contract counterclaim against Husky)

On B55's counterclaim against Husky alleging that Husky committed a breach of contract by denying B55 access to Husky's information, records or documents, we find in favor of:

_____ B55 Investments Ltd.

*(or)*

\_\_✓\_\_ Husky Ventures, Inc.

## Part Four

### (Date and Signature of Verdict Form)

_November 22, 2016_  
**DATED**

_Jim D. Burson_ (signature)  
**FOREPERSON**

15-0093p051.JI VF REV 01  .wpd