# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUSKY VENTURES, INC., ) <br> ) <br>    Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> B55 INVESTMENTS, LTD. and ) <br> CHRISTOPHER McARTHUR, ) <br> ) <br>    Defendants. ) | Case No.  CIV-15-0093-F |

## ORDER

The court has reviewed the parties' memoranda of law regarding plaintiffs' request for a permanent injunction. Doc. nos. 234, 243. Having done so, the court has determined that the elements required for a permanent injunction to be put in place have been established, and that if a permanent injunction can be drafted which is sufficiently clear and narrow, such an injunction may be ordered as part of the relief obtained by the plaintiff in this action.

Plaintiff has not yet submitted a proposed injunction order for the court's consideration.  *See*, doc. no. 227 (minute order, requiring plaintiff to file a memorandum which attaches a proposed order). Accordingly, plaintiff is **DIRECTED** to file a Notice which states that the proposed order is attached, and which attaches the proposed order as an exhibit.  Plaintiff shall also submit the proposed order to the court's orders inbox.

The court offers the following guidance with respect to the proposed order.

– Just as plaintiff's memorandum of law on this subject does, the proposed order should cover (for the court's consideration) the necessary elements and burden

of proof for entry of a permanent injunction, and it should address those elements in a manner which is tailored to the record in this case.

– Although the language of plaintiff's memorandum suggests, at times, that plaintiffs seek a very broad permanent injunction, the request for a permanent injunction which was preserved in the Final Pre-Trial Report (approved by the court) is Husky's request that defendants be: "permanently enjoined and restrained from having any further contact with Husky's participants or service providers due to their [defendants'] tortious interference with Husky's business and contractual relationships." Doc. no. 171, p. 3 of 159. Thus, the court does not intend to enjoin contact with entities other than Husky's participants or service providers. For purposes of clarity, it is highly desirable that the specific entities which defendants are enjoined from having contact with, be named in the order. (See plaintiff's memorandum, doc. no. 234, p. 2.)

– The sole purpose of an injunction is to enjoin contact which constitutes interference with Husky's business and contractual relationships. It is therefore unlikely that all contact with Husky's participants or service providers will be enjoined. For example, the court notes defendants' argument that as a result of other litigation, defendants may be required to participate in pending lawsuits and may receive subpoenas for documents or testimony. Any injunction which is ultimately entered should clarify that contact of this nature is not covered.

Keeping the above-stated guidelines in mind, Husky is **DIRECTED** to submit the notice and proposed order which are called for by the order within twenty-one days of the date of this order. Defendants have already had an opportunity to submit a responsive memorandum of law on this issue, and they have done so. Accordingly, no response to the proposed order is permitted from defendants at this time. If, after

reviewing the proposed order, the court concludes that a response from the defendants would be helpful, it will call for one.

Dated this 21st day of December, 2016.

/s/ SP Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0093p055.wpd